**EXHIBIT B**

**Filed**
**D.C. Superior Court**
**09/28/2016 15:55PM**
**Clerk of the Court**

Superior Court for the District of Columbia
Civil Division

Anwar J. Armstrong,
6613 Piney Branch Road, NW
Washington, DC, 20012

                    Plaintiff

          and

Ann Holiday,
6613 Piney Branch Road, NW
Washington, DC, 20012

                    Plaintiff
          v.

Navient Solutions Inc,
2001 Edmund Halley Drive
Reston, VA 20191

                    Defendant.

PAGE COUNT 6

CASE NO.  2016 CA 007168 B

## COMPLAINT

Plaintiffs, by and through the undersigned, file this Complaint against Defendant for actual, compensatory, statutory, and punitive damages, and state as follows:

### JURISDICTION

1. This Court has personal jurisdiction over Defendant named herein because the wrongdoing alleged in this Complaint took place in the District of Columbia and Defendant regularly does business in the District of Columbia.

2. This is an action for violations of the District of Columbia Consumer Protection Procedures Act, and related state and federal laws.

## PARTIES

3. Plaintiffs, Anwar J. Armstrong, and Ann Holiday are son and mother.  Mr. Armstrong resides at 6613 Piney Branch Road, NW Washington, DC 20012.  Ms. Holiday resides at 6613 Piney Branch Road, NW Washington, DC 20012.

4. Defendant, NAVIENT SOLUTIONS, Inc. ("Navient"), is a Delaware corporation, registered in the District of Columbia, with a registered agent listed as Corporation Service Company, at 1090 Vermont Ave., NW, Washington, DC  20005.

5. Navient is a loan servicer of student loans.

## STATEMENT OF FACTS

1. On or about December 2014, Navient sent Ms. Holiday a statement indicated amounts due over $45,000 in multiple private student loans, for her son, Mr. Armstrong.

2. Ms. Holiday and Mr. Armstrong disputed the amounts because she and her son never took more than one loan for $9,000.

3. Ms. Holiday and Mr. Armstrong asked Navient to produce proof of the loans that Navient claimed were owed.

4. Navient did not produce any executed promissory notes evidencing the loans that Navient claimed were owed.

5. Navient has failed to correct its error and continues to falsely claim that Ms. Holiday and Mr. Armstrong owe amounts that they do not owe.

2

6. In addition, for loan number 9428 (the "Loan"), which Ms. Holiday and Mr. Armstrong did take out, Navient failed to credit payments, in the amount of $8460, made toward the Loan.

7. On or about July 2015, Mr. Armstrong applied for a job with George Mason Mortgage via contractor - Aerotex.

8. Aerotex told Mr. Armstrong that he would not be hired for the job because of his credit report.

9. On or about October 2015 Mr. Armstrong applied for a job with TSA.

10. TSA told Mr. Armstrong that he could not be hired because of the credit report.

11. As a result of Navient's failure to properly account for funds, and make appropriate adjustments, and safeguard Ms. Holiday and Mr. Armstrong's information, and maintain accurate, true, and correct records, and as a result of conduct prohibited by statute, Ms. Holiday and Mr. Armstrong have either collectively or individually suffered damages, including, but not limited to (1) loss in creditworthiness, (2) emotional distress, (3) loss of time and convenience, (4) punitive damages, (5) lost income and job opportunities, and (6) costs of suit and attorney fees.

## Count I

### Violation of District of Consumer Protection Procedures Act

12. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

13. DC Code §28-3904, Prohibits Navient from making certain representations.

14. Navient's representations, individually and collectively, regarding the amount of the account balance, constitute a misleading statement because they are capable of and in fact misled Ms. Holiday, Mr. Armstrong, and others, regarding their creditworthiness and credit balances.

15. The prohibited conduct has caused Ms. Holiday and Mr. Armstrong damages as indicated in ¶9.

16.          WHEREFORE, Ms. Holiday and Mr. Armstrong request that the Court: (1) award actual and compensatory damages to be determined at trial, but no less than $250,000.00, (2) award statutory damages, (3) award costs of suit and attorney fees, and (4) grant such further relief as the Court deems appropriate.

## Count II
### Breach of Contract

17. Ms. Holiday and Mr. Armstrong incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

18. Ms. Holiday and Mr. Armstrong and Navient entered into an agreement for student loan credit.

19. Ms. Holiday and Mr. Armstrong did all, or substantially all, of the significant things that the contract required them to do and at all times acted in good faith.

20. Navient breached the contract because it did not reverse or adjust erroneous charges and/or payments and/or adjustments and asserts an invalid account balance.

21. Navient has caused and is causing Ms. Holiday and Mr. Armstrong injuries as indicated in ¶9 as a result of Defendant's breach of contract and failure to properly perform maintain account balances.

22.          WHEREFORE, Ms. Holiday and Mr. Armstrong request the Court to: (1) award actual and compensatory damages to be determined at trial, but no less than $100,000.00, (2) award statutory damages, (3) award costs of suit and attorney fees, and (4) grant such further relief as the Court deems appropriate.

## Count III

### Negligence

23. Ms. Holiday and Mr. Armstrong incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

24. At all relevant times, Navient and its representatives held themselves out as professionals in the student loan servicing industry, deserving of trust and confidence, and as such, owes a legal duty to exercise reasonable care in dealing with Ms. Holiday and Mr. Armstrong and to disclose all material facts, and to monitor and correctly report their account balance.

25. At all times during these matters, Plaintiffs reasonably relied upon Navient's and its' agents' representations.

26. Navient breached its duty of care by failing to safeguard Ms. Holiday and Mr. Armstrong's information, and failing to correct errors in their account balances.

27. As a result of Navient's breach of its duty, Ms. Holiday and Mr. Armstrong have suffered damages as indicated in ¶9.

28. WHEREFORE, Ms. Holiday and Mr. Armstrong request the Court to: (1) award actual and compensatory damages to be determined at trial, but no less than $100,000.00, (2) award statutory damages, (3) award costs of suit and attorney fees, and (4) grant such further relief as the Court deems appropriate.

DATED: September 27, 2016

Respectfully Submitted,

/s/

Tyler Jay King, Esq.
Bar No. 979592
Franklin Square Law Group
1225 Eye St., NW, Ste. C-110
Washington, DC 20005

5

P: 202-595-1366
Fax: 202-478-0964
tyler@lawgroupfs.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as such.

Respectfully Submitted,

/s/

Tyler Jay King, Esq.