IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANWAR J. ARMSTRONG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:16-cv-2212-RDM |
| | ) | |
| v. | ) | |
| | ) | **ORAL HEARING REQUESTED** |
| NAVIENT SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NAVIENT SOLUTIONS, LLC'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant Navient Solutions, LLC, formerly Navient Solutions, Inc. ("NSL"), by counsel, pursuant to Rules 11 and 54 of the Federal Rules of Civil Procedure, files this Motion for Attorneys' Fees and Costs. The detailed reasons in support of this Motion are contained in the accompanying Statement of Points and Authorities filed in support hereof, which is incorporated herein by reference.

WHEREFORE, Defendant Navient Solutions, LLC moves this Honorable Court to award its attorneys' fees and costs, and to grant such other and further relief as deemed appropriate.

Dated:  September 7, 2018

Respectfully Submitted,

NAVIENT SOLUTIONS, LLC
By Counsel

/s/ Sean Patrick Roche
Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Timothy J. McEvoy, Esq. (admitted *pro hac vice*)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898 (telephone)
(703) 273-8897 (facsimile)
sroche@cameronmcevoy.com
tmcevoy@cameronmcevoy.com
*Counsel for Defendant Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of September 2018, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system to all counsel of record:

Tyler Jay King, Esquire (D.C. Bar No. 979592)
FRANKLIN SQUARE LAW GROUP
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
(202) 595-9585
(202) 478-0964 (facsimile)
tyler@lawgroupfs.com
*Counsel for Plaintiffs*
*Anwar J. Armstrong and Ann Holiday*


/s/ Sean Patrick Roche
Sean Patrick Roche, Esquire (D.C. Bar No. 498623)
*Counsel for Defendant*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANWAR J. ARMSTRONG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:16-cv-2212-RDM |
| | ) | |
| v. | ) | |
| | ) | **ORAL HEARING REQUESTED** |
| NAVIENT SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NAVIENT SOLUTIONS, LLC'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Timothy J. McEvoy, Esq. (admitted *pro hac vice*)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898 (telephone)
(703) 273-8897 (facsimile)
sroche@cameronmcevoy.com
tmcevoy@cameronmcevoy.com
*Counsel for Defendant Navient Solutions, LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

CONCLUSION ........................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Cases:**

*Ali v. Rumsfeld,*
    649 F.3d 762 (D.C. Cir. 2011) ..............................................................................5

*Atkins v. Fischer,*
    232 F.R.D. 116 (D.D.C. 2005) ..............................................................................3

*Forti v. W.C. & A.N. Miller Dev. Co.,*
    No. CIVA 06-0613 JR, 2006 WL 3191233 (D.D.C. Nov. 2, 2006) ...................4

*Hickey v. Scott,*
    738 F.Supp.2d 55 (D.D.C. 2010) ..........................................................................3

*Mohamed v. Select Portfolio Servicing, Inc.,*
    215 F. Supp. 3d 85 (D.D.C. 2016) ........................................................................5

*Rafferty v. NYNEX Corp.,*
    60 F.3d 844 (D.C. Cir. 1995) ................................................................................4

*Reynolds v. U.S. Capitol Police Bd.,*
    357 F. Supp. 2d 19 (D.D.C. 2004) ........................................................................4

*Scruggs v. Getinge USA, Inc.,*
    258 F.R.D. 177 (D.D.C 2009) ...............................................................................3

*Westmoreland v. CBS, Inc.,*
    770 F.2d 1168 (D.C. Cir. 1985) ............................................................................4

**Rules:**

Federal Rule of Civil Procedure 11 .................................................................. 1, 2, 3, 4, 6

Federal Rule of Civil Procedure 54 .......................................................................... 1, 2

Defendant Navient Solutions, LLC, formerly Navient Solutions, Inc. ("NSL"), by counsel, pursuant to Rules 11 and 54 of the Federal Rules of Civil Procedure, files this Statement of Points and Authorities in Support of Motion for Attorneys' Fees and Costs as follows:

## I. INTRODUCTION

Plaintiffs Ann Holiday ("Holiday") and Anwar Armstrong ("Armstrong") are mother and son, respectively.  In their original Complaint, they allege that NSL, a servicer of student loans, violated the "District of Columbia Consumer Protection Procedures Act [DCCPPA], and related state and federal laws" in connection with the furnishing of Plaintiffs' credit information pertaining to their student loans to at least one credit reporting agency.

In a Memorandum Opinion and Order dated March 2, 2018, the Court dismissed Plaintiffs' original Complaint holding that the Fair Credit Reporting Act ("FCRA") preempted Plaintiffs' DCCPPA and negligence claims in part, and that any non-preempted portion of Plaintiffs' negligence claims failed to state a claim, as did Plaintiffs' claim for breach of contract.

Yet despite the Court's Opinion and Order, Plaintiffs filed a First Amended Complaint ("FAC") that asserts substantially the same, if not identical, claims that they asserted in their original Complaint.  Moreover, the claims simply have no merit.  In response to an order of this Court instructing NSL to provide the promissory notes which Plaintiffs seemed to dispute signing, NSL provided the promissory notes along with an account history showing that Plaintiffs have defaulted on their obligations.  It is apparent that this action is an attempt to avoid a student loan debt that is clearly owed and has simply gone unpaid.  As such, Plaintiffs' filing of the FAC violates Rule 11 of the Federal Rules of Civil Procedure since the claims asserted therein are frivolous and were clearly brought for an improper purpose to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

1

On June 22, 2018, Plaintiff's counsel was served with a Rule 11 "safe harbor letter." *See* Exhibit A, Safe Harbor Letter ("Letter"). The Letter noted the complete lack of any factual or legal basis for Plaintiffs' underlying claims, now asserted for a second time in the FAC. NSL was willing to allow some latitude in the filing (and dismissal) of the original Complaint as it understands that Rule 11 is reserved for egregious sanctionable conduct. However, the utter lack of merit in the claims and the fact that it appears that Plaintiffs will continue to pursue meritless claims in spite of the obvious lack of merit, necessitates this Motion. Moreover, the Letter demanded that Plaintiffs dismiss their claims or expose themselves to a motion for sanctions.[1]

An award of attorney's fees and costs is appropriate, as explained in more detail below, not only to deter these sorts of frivolous claims, but also because of the substantial cost incurred by NSL to defend this matter.

## II.   ARGUMENT

This Court is empowered with various options in the present circumstance for awarding attorney's fees and costs in the face of unsupported claims. To begin, Rules 11 and 54 of the Federal Rules of Civil Procedure provide that attorney's fees and costs may be awarded for frivolous and unsupported claims. *See* Rule 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rules 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."); Rule 54(d) (permitting an award of attorney's fees upon motion).

Rule 11 provides that:

---

[1] Rule 11(c) of the Federal Rules of Civil Procedure provides that "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after" notice of the frivolous/unsupported claims a court may award sanctions, including attorney's fees and costs. *Id.* More than 21 days has elapsed since the issuance of the Letter. Furthermore, counsel for NSL attempted to resolve the issues raised in the Letter with counsel for Plaintiffs on at least two occasions after the expiration of the 21-day safe harbor period, however, Plaintiffs instead have proceeded with their claims.

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;**
> **(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;**
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).

Courts have held that "[t]he test [for sanctions] under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Hickey v. Scott*, 738 F. Supp. 2d 55, 72 (D.D.C. 2010) (holding that counterclaims for fraud and abuse of process were frivolous) (citing *Scruggs v. Getinge USA, Inc.,* 258 F.R.D. 177, 180–81 (D.D.C. 2009)) (internal citations omitted).  In addition, "[t]he Court must also take into consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on judicial proceedings." *Id.*; *See also Atkins v. Fischer,* 232 F.R.D. 116, 129 (D.D.C. 2005) ("It has long been held that in considering the implementation of sanctions against a party or a counsel to a litigation, a district court may consider all the circumstances surrounding the alleged violation.")

Moreover, courts have held that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension,

modification or reversal of existing law, or is interposed for any improper purpose, 'Rule 11 *requires* that sanctions of some sort be imposed.'" *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (emphasis added) ("the conduct of plaintiff Thompson and his attorneys in filing the Amended Complaint, piggybacking on plaintiff Johnson Reynolds' case but alleging essentially the same claims alleged in prior cases, constitutes a clear violation of Rule 11, subsections (b)(1), (2), and (3), and thus warrants sanctions") (quoting *Rafferty v. NYNEX Corp.,* 60 F.3d 844, 852 (D.C. Cir. 1995); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985) (stating that Rule 11 mandates the imposition of sanctions when warranted by groundless or abusive practices); *Forti v. W.C. & A.N. Miller Dev. Co.*, No. CIVA 06-0613 JR, 2006 WL 3191233, at *1 (D.D.C. Nov. 2, 2006) (issuing sanctions where plaintiff's claims were so clearly barred by the preclusion doctrine, her bad faith and intent to harass were readily apparent).

In the present case, Plaintiffs were on notice of the frivolous nature of the FAC. Indeed, in its Memorandum Opinion and Order, the Court found that the FCRA preempted Plaintiffs' DCCPPA and negligence claims in part, and that any non-preempted portion of Plaintiffs' negligence claims failed to state a claim. The Court also ruled that Plaintiffs' breach of contract claim failed to state a claim.

In the face of the Court's clear ruling, Plaintiffs chose to file the FAC, which is substantially similar, if not identical, to the original Complaint. More specifically, Count I alleges that NSL violated the DCCPPA because it made "representations" about Plaintiffs "regarding the amount of [their student loan] account balance." *Compare* Complaint Statement of Fact Section ("Cmplt. SOF") ¶ 14 *with* FAC ¶ 44. Plaintiffs allege these unspecified "representations" were made to them and to "others", but the only specific consequence

identified in the FAC is that NSL published, or caused to be published, an incorrect credit report. *Id.* Essentially, Plaintiffs allege that NSL furnished incorrect information to a credit reporting agency, resulting in inaccurate credit reports for Plaintiffs Holiday and Armstrong. *Compare* Cmplt. SOF ¶¶ 5-10 *with* FAC ¶¶ 31–36. The FAC literally provides no support or detail behind these allegations. And, in spite of receiving an account history showing that Plaintiffs have ignored payment obligations, Plaintiffs have yet to provide any support for the allegations that the amounts shown as owed are in fact incorrect. Moreover, while the undersigned has asked for some proof that Plaintiffs made payments that were not credits to Plaintiffs account, the undersigned's requests have been ignored. Clearly, no such support for the FAC exists.

Count II alleges a claim for breach of contract, claiming NSL breached "an agreement for student loan credit," though it fails to identify any terms of the agreement or attach it to the original Complaint or the FAC. *Compare* Complt. SOF ¶¶ 18 *with* FAC ¶ 48. Plaintiffs again claim that NSL failed to keep a proper account balance and "asserts an invalid account balance," *i.e.*, NSL furnished incorrect information to credit reporting agencies, which led to the improper "credit report." *Compare* Complt. SOF ¶ 20 *with* FAC ¶ 50. No support is provided for these allegations and nothing within NSL's files indicates any support for these allegations.

Count III alleges that NSL was negligent because it failed to fulfill an alleged duty "to monitor and correctly report their account balance," leading again to the incorrect "credit report." *Compare* Complt. SOF ¶ 24 *with* FAC ¶ 54. [2]

---

[2] Although Plaintiffs asserted a claim for declaratory judgment and injunctive relief, those claims fail as a matter of law for the reasons stated in NSL's Motion to Dismiss. Specifically, and among other things, the DJA "does not…provide a stand-alone cause of action; it only authorizes a form of relief." *Mohamed v. Select Portfolio Servicing, Inc.*, 215 F. Supp. 3d 85, 97 (D.D.C. 2016) (citing *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011).

There can be no question that Plaintiffs' filing of the FAC violates Rule 11.  First, the FAC is frivolous because it has no basis in law or fact, as reflected in the Court's ruling dismissing the original Complaint that asserted substantially similar, if not identical, claims as those asserted in the FAC.  Second, the FAC was presented for an improper purpose because Plaintiffs clearly knew that their claims were meritless and frivolous based on the Court's prior ruling, and the total lack of any evidentiary support for the claims, but nonetheless filed the pleading for the purpose of continuing a baseless lawsuit and subjecting NSL to unnecessary and mounting litigation costs and fees.

The exact amount of the fees and costs incurred by NSL is provided by detailed invoice, attached hereto as Exhibit B, and further summarized by Affidavit, attached as Exhibit C.

## III.   CONCLUSION

WHEREFORE, in consideration of the foregoing, Defendant Navient Solutions, LLC moves this Court to award its attorneys' fees and costs, as detailed in the attached Exhibits B and C, and to grant such other and further relief as deemed appropriate.

Dated:  September 7, 2018                      Respectfully Submitted,


                                              NAVIENT SOLUTIONS, LLC
                                              By Counsel


                                              /s/ Sean Patrick Roche
                                              Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
                                              Timothy J. McEvoy, Esq. (*pro hac vice* to be filed)
                                              CAMERON/MCEVOY PLLC
                                              4100 Monument Corner Drive, Suite 420
                                              Fairfax, Virginia 22030
                                              (703) 273-8898
                                              (703) 273-8897 (facsimile)
                                              sroche@cameronmcevoy.com
                                              tmcevoy@cameronmcevoy.com
                                              *Counsel for Defendant Navient Solutions, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of September 2018, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system to all counsel of record:

Tyler Jay King, Esquire (D.C. Bar No. 979592)
FRANKLIN SQUARE LAW GROUP
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
(202) 595-9585
(202) 478-0964 (facsimile)
tyler@lawgroupfs.com
*Counsel for Plaintiffs*
*Anwar J. Armstrong and Ann Holiday*


/s/ Sean Patrick Roche
Sean Patrick Roche, Esquire (D.C. Bar No. 498623)
*Counsel for Defendant*



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**EXHIBIT A**



**Sean Patrick Roche**
**Attorney at Law**
sroche@cameronmcevoy.com
**Office:** 703-273-8898

June 22, 2018

**VIA FEDERAL EXPRESS AND E-MAIL**

Tyler Jay King, Esq.
Franklin Square Law Group
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
tyler@lawgroupfs.com

       **Re:**    **Rule 11 – Safe Harbor Letter**
            **Armstrong, *et al.* v. Navient Solutions, LLC – Civil Action No. 1:16-cv-2212**
            **United States District Court for the District of Columbia**

Dear Mr. King:

This letter is provided in accordance with Rule 11 of the Federal Rules of Civil Procedure. More specifically, Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

As you know, you have filed a First Amended Complaint in the above-referenced suit against my client, Navient Solutions, LLC, seeking $450,000.00 in damages.

A violation of any of the above-referenced provisions of Rule 11 empowers a court to award sanctions to deter the filing of frivolous lawsuits or claims presented for any improper purpose. As detailed in the Motion to Dismiss and accompanying documents, your claim has no basis in fact or law and, as such, appears to have been brought for an improper purpose. The fact that you have filed a First Amended Complaint that is nearly identical to the original Complaint, which was dismissed by the Court, only serves to confirm the lack of any basis in fact or law to support your clients' claims. Moreover, I have previously asked for some support for the claims and none has been provided. To the extent the allegations are that Plaintiffs made payments that were not credited to the account, presumably there should be some evidence of payments though you have provided none. I can only assume that no such proof exists.

In accordance with Rule 11 of the Federal Rules of Civil Procedure, we demand that you dismiss the claims asserted in this matter, with prejudice. If you refuse to do so, we intend to petition the Court after twenty-one (21) days from this letter to impose monetary sanctions for such misconduct. A copy of the proposed Motion for Attorney's Fees and Costs is enclosed. To the extent you have some proof to support the filing of the First Amended Complaint, please provide that proof or I will conclude that no such proof exists and proceed accordingly.

Very truly yours,

Sean Patrick Roche

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANWAR J. ARMSTRONG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:16-cv-2212-RDM |
| | ) | |
| v. | ) | **ORAL HEARING REQUESTED** |
| | ) | |
| NAVIENT SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NAVIENT SOLUTIONS, LLC'S MOTION
## FOR ATTORNEYS' FEES AND COSTS

Defendant Navient Solutions, LLC, formerly Navient Solutions, Inc. ("NSL"), by counsel, pursuant to Rules 11 and 54 of the Federal Rules of Civil Procedure, files this Motion for Attorneys' Fees and Costs. The detailed reasons in support of this Motion are contained in the accompanying Statement of Points and Authorities filed in support hereof, which is incorporated herein by reference.

WHEREFORE, Defendant Navient Solutions, LLC moves this Honorable Court to award its attorneys' fees and costs, and to grant such other and further relief as deemed appropriate.

Dated: July __, 2018                    Respectfully Submitted,


                                        NAVIENT SOLUTIONS, LLC
                                        By Counsel


                                        /s/ Sean Patrick Roche
                                        Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
                                        Timothy J. McEvoy, Esq. (admitted *pro hac vice*)
                                        CAMERON/MCEVOY PLLC
                                        4100 Monument Corner Drive, Suite 420
                                        Fairfax, Virginia 22030
                                        (703) 273-8898 (telephone)
                                        (703) 273-8897 (facsimile)

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

CAMERON/McEVOY PLLC

sroche@cameronmcevoy.com
tmcevoy@cameronmcevoy.com
*Counsel for Defendant Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __ day of July 2018, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system to all counsel of record at:

Tyler Jay King, Esquire (D.C. Bar No. 979592)
FRANKLIN SQUARE LAW GROUP
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
(202) 595-9585
(202) 478-0964 (facsimile)
tyler@lawgroupfs.com
*Counsel for Plaintiffs*
*Anwar J. Armstrong and Ann Holiday*

/s/ Sean Patrick Roche_____
Sean Patrick Roche, Esquire (D.C. Bar No. 498623)
*Counsel for Defendant*

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030    TEL 703.273.8898    FAX 703.273.8897

Cameron / McEvoy
PLLC

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANWAR J. ARMSTRONG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:16-cv-2212-RDM |
| | ) | |
| v. | ) | |
| | ) | **ORAL HEARING REQUESTED** |
| NAVIENT SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NAVIENT SOLUTIONS, LLC'S STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Timothy J. McEvoy, Esq. (admitted *pro hac vice*)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898 (telephone)
(703) 273-8897 (facsimile)
sroche@cameronmcevoy.com
tmcevoy@cameronmcevoy.com
*Counsel for Defendant Navient Solutions, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................................ii

INTRODUCTION ........................................................................................................................1

ARGUMENT.................................................................................................................................2

CONCLUSION..............................................................................................................................6

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy
PLLC

i

## TABLE OF AUTHORITIES

**Cases:**

*Ali v. Rumsfeld,*
  649 F.3d 762 (D.C. Cir. 2011) ........................................................................................5

*Atkins v. Fischer,*
  232 F.R.D. 116 (D.D.C. 2005) ........................................................................................3

*Forti v. W.C. & A.N. Miller Dev. Co.,*
  No. CIVA 06-0613 JR, 2006 WL 3191233 (D.D.C. Nov. 2, 2006) ...................................4

*Hickey v. Scott,*
  738 F.Supp.2d 55 (D.D.C. 2010) ....................................................................................3

*Mohamed v. Select Portfolio Servicing, Inc.,*
  215 F. Supp. 3d 85 (D.D.C. 2016) ..................................................................................5

*Rafferty v. NYNEX Corp.,*
  60 F.3d 844 (D.C. Cir. 1995) ..........................................................................................4

*Reynolds v. U.S. Capitol Police Bd.,*
  357 F. Supp. 2d 19 (D.D.C. 2004) ..................................................................................4

*Scruggs v. Getinge USA, Inc.,*
  258 F.R.D. 177 (D.D.C 2009) .........................................................................................3

*Westmoreland v. CBS, Inc.,*
  770 F.2d 1168 (D.C. Cir. 1985) ......................................................................................4

**Rules:**

Federal Rule of Civil Procedure 11 ............................................................... 1, 2, 3, 4, 6

Federal Rule of Civil Procedure 54 ........................................................................... 1, 2

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron/McEvoy
PLLC

Defendant Navient Solutions, LLC, formerly Navient Solutions, Inc. ("NSL"), by counsel, pursuant to Rules 11 and 54 of the Federal Rules of Civil Procedure, files this Statement of Points and Authorities in Support of Motion for Attorneys' Fees and Costs as follows:

## I. INTRODUCTION

Plaintiffs Ann Holiday ("Holiday") and Anwar Armstrong ("Armstrong") are mother and son, respectively. In their original Complaint, they allege that NSL, a servicer of student loans, violated the "District of Columbia Consumer Protection Procedures Act [DCCPPA], and related state and federal laws" in connection with the furnishing of Plaintiffs' credit information pertaining to their student loans to at least one credit reporting agency.

In a Memorandum Opinion and Order dated March 2, 2018, the Court dismissed Plaintiffs' original Complaint holding that the Fair Credit Reporting Act ("FCRA") preempted Plaintiffs' DCCPPA and negligence claims in part, and that any non-preempted portion of Plaintiffs' negligence claims failed to state a claim, as did Plaintiffs' claim for breach of contract.

Yet despite the Court's Opinion and Order, Plaintiffs filed a First Amended Complaint ("FAC") that asserts substantially the same, if not identical, claims that they asserted in their original Complaint. Moreover, the claims simply have no merit. In response to an order of this Court instructing NSL to provide the promissory notes which Plaintiffs seemed to dispute signing, NSL provided the promissory notes along with an account history showing that Plaintiffs have defaulted on their obligations. It is apparent that this action is an attempt to avoid a student loan debt that is clearly owed and has simply gone unpaid. As such, Plaintiffs' filing of the FAC violates Rule 11 of the Federal Rules of Civil Procedure since the claims asserted therein are frivolous and were clearly brought for an improper purpose to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

1

On June 20, 2018, Plaintiff's counsel was served with a Rule 11 "safe harbor letter." *See* Exhibit A, Safe Harbor Letter ("Letter"). The Letter noted the complete lack of any factual or legal basis for Plaintiffs' underlying claims, now asserted for a second time in the FAC. NSL was willing to allow some latitude in the filing (and dismissal) of the original Complaint as it understands that Rule 11 is reserved for egregious sanctionable conduct. However, the utter lack of merit in the claims and the fact that it appears that Plaintiffs will continue to pursue meritless claims in spite of the obvious lack of merit, necessitates this Motion. Moreover, the Letter demanded that Plaintiffs dismiss their claims or expose themselves to a motion for sanctions. Plaintiffs ignored the letter and instead have proceeded with their claims.[1]

An award of attorney's fees and costs is appropriate, as explained in more detail below, not only to deter these sorts of frivolous claims, but also because of the substantial cost incurred by NSL to defend this matter.

## II.  ARGUMENT

This Court is empowered with various options in the present circumstance for awarding attorney's fees and costs in the face of unsupported claims. To begin, Rules 11 and 54 of the Federal Rules of Civil Procedure provide that attorney's fees and costs may be awarded for frivolous and unsupported claims. *See* Rule 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rules 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."); Rule 54(d) (permitting an award of attorney's fees upon motion).

Rule 11 provides that:

---

[1] Rule 11(c) of the Federal Rules of Civil Procedure provides that "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after" notice of the frivolous/unsupported claims a court may award sanctions, including attorney's fees and costs. *Id.*

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898  FAX 703.273.8897

Cameron/McEvoy

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;**
> **(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;**
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).

Courts have held that "[t]he test [for sanctions] under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Hickey v. Scott*, 738 F. Supp. 2d 55, 72 (D.D.C. 2010) (holding that counterclaims for fraud and abuse of process were frivolous) (citing *Scruggs v. Getinge USA, Inc.*, 258 F.R.D. 177, 180–81 (D.D.C.2009)) (internal citations omitted).   In addition, "[t]he Court must also take into consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on judicial proceedings." *Id.*; *See also Atkins v. Fischer*, 232 F.R.D. 116, 129 (D.D.C.2005) ("It has long been held that in considering the implementation of sanctions against a party or a counsel to a litigation, a district court may consider all the circumstances surrounding the alleged violation.")

Moreover, courts have held that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension,

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Cameron/McEvoy PLLC

3

modification or reversal of existing law, or is interposed for any improper purpose, 'Rule 11 *requires* that sanctions of some sort be imposed.'" *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (emphasis added) ("the conduct of plaintiff Thompson and his attorneys in filing the Amended Complaint, piggybacking on plaintiff Johnson Reynolds' case but alleging essentially the same claims alleged in prior cases, constitutes a clear violation of Rule 11, subsections (b)(1), (2), and (3), and thus warrants sanctions") (quoting *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 852 (D.C.Cir.1995); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985) (stating that Rule 11 mandates the imposition of sanctions when warranted by groundless or abusive practices"); *Forti v. W.C. & A.N. Miller Dev. Co.*, No. CIVA 06-0613 JR, 2006 WL 3191233, at *1 (D.D.C. Nov. 2, 2006) (issuing sanctions where plaintiff's claims were so clearly barred by the preclusion doctrine, her bad faith and intent to harass were readily apparent).

In the present case, Plaintiffs were on notice of the frivolous nature of the FAC. Indeed, in its Memorandum Opinion and Order, the Court found that the FCRA preempted Plaintiffs' DCCPPA and negligence claims in part, and that any non-preempted portion of Plaintiffs' negligence claims failed to state a claim. The Court also ruled that Plaintiffs' breach of contract claim failed to state a claim.

In the face of the Court's clear ruling, Plaintiffs chose to file the FAC, which is substantially similar, if not identical, to the original Complaint. More specifically, Count I alleges that NSL violated the DCCPPA because it made "representations" about Plaintiffs "regarding the amount of [their student loan] account balance." *Compare* Complaint Statement of Fact Section ("Cmplt. SOF") ¶ 14 *with* FAC ¶ 44. Plaintiffs allege these unspecified "representations" were made to them and to "others", but the only specific consequence

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

CAMERON / McEVOY
PLLC

identified in the FAC is that NSL published, or caused to be published, an incorrect credit report. *Id.* Essentially, Plaintiffs allege that NSL furnished incorrect information to a credit reporting agency, resulting in inaccurate credit reports for Plaintiffs Holiday and Armstrong. *Compare* Cmplt. SOF ¶¶ 5-10 *with* FAC ¶¶ 31–36. The FAC literally provides no support or detail behind these allegations. And, in spite of receiving an account history showing that Plaintiffs have ignored payment obligations, Plaintiffs have yet to provide any support for the allegations that the amounts shown as owed are in fact incorrect. Moreover, while the undersigned has asked for some proof that Plaintiffs made payments that were not credits to Plaintiffs account, the undersigned's requests have been ignored. Clearly, no such support for the FAC exists.

Count II alleges a claim for breach of contract, claiming NSL breached "an agreement for student loan credit," though it fails to identify any terms of the agreement or attach it to the original Complaint or the FAC. *Compare* Cmplt. SOF ¶¶ 18 *with* FAC ¶ 48. Plaintiffs again claim that NSL failed to keep a proper account balance and "asserts an invalid account balance," *i.e.,* NSL furnished incorrect information to credit reporting agencies, which led to the improper "credit report." *Compare* Cmplt. SOF ¶ 20 *with* FAC ¶ 50. No support is provided for these allegations and nothing within NSL's files indicates any support for these allegations.

Count III alleges that NSL was negligent because it failed to fulfill an alleged duty "to monitor and correctly report their account balance," leading again to the incorrect "credit report." *Compare* Cmplt. SOF ¶ 24 *with* FAC ¶ 54. [2]

---

[2] Although Plaintiffs asserted a claim for declaratory judgment and injunctive relief, those claims fail as a matter of law for the reasons stated in NSL's Motion to Dismiss. Specifically, and among other things, the DJA "does not…provide a stand-alone cause of action; it only authorizes a form of relief." *Mohamed v. Select Portfolio Servicing, Inc.*, 215 F. Supp. 3d 85, 97 (D.D.C. 2016) (citing *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011).

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron/McEvoy
PLLC

There can be no question that Plaintiffs' filing of the FAC violates Rule 11.  First, the FAC is frivolous because it has no basis in law or fact, as reflected in the Court's ruling dismissing the original Complaint that asserted substantially similar, if not identical, claims as those asserted in the FAC.  Second, the FAC was presented for an improper purpose because Plaintiffs clearly knew that their claims were meritless and frivolous based on the Court's prior ruling, and the total lack of any evidentiary support for the claims, but nonetheless filed the pleading for the purpose of continuing a baseless lawsuit and subjecting NSL to unnecessary and mounting litigation costs and fees.

The exact amount of the fees and costs incurred by NSL is provided by detailed invoice, attached hereto as Exhibit B, and further summarized by Affidavit, attached as Exhibit C.

### III.   CONCLUSION

WHEREFORE, in consideration of the foregoing, Defendant Navient Solutions, LLC moves this Court to award its attorneys' fees and costs, as detailed in the attached Exhibits B and C, and to grant such other and further relief as deemed appropriate.

Dated:  July __, 2018                          Respectfully Submitted,


NAVIENT SOLUTIONS, LLC
By Counsel


/s/ Sean Patrick Roche
Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Timothy J. McEvoy, Esq. (*pro hac vice* to be filed)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (facsimile)
sroche@cameronmcevoy.com
tmcevoy@cameronmcevoy.com
*Counsel for Defendant Navient Solutions, LLC*

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

CAMERON/MCEVOY
PLLC

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this ____ day of July, 2018, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system to all counsel of record.  The following was also served by First Class United States mail upon the following:

Tyler Jay King, Esquire (D.C. Bar No. 979592)
FRANKLIN SQUARE LAW GROUP
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
(202) 595-9585
(202) 478-0964 (facsimile)
tyler@lawgroupfs.com
*Counsel for Plaintiffs*
*Anwar J. Armstrong and Ann Holiday*

           /s/ Sean Patrick Roche_____
           Sean Patrick Roche, Esquire (D.C. Bar No. 498623)
           *Counsel for Defendant*

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898  FAX 703.273.8897

Cameron | McEvoy
PLLC

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703) 273-8898
27-0198208

Statement as of November 30, 2016
Statement No. 10133

Navient
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA   20191

1718.009:  Armstrong, Anwar and Ann Holiday

**Professional Fees**

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/1/2016 | CMM | Review file and prepare for answer in consultation with SPR and TJM. Research removal and answer timing issues. | 5.3000 | 210.00 | 1,113.00 |
| 11/1/2016 | TJM | Review Complaint and discuss DC requirements with Roche. | 0.4000 | 220.00 | 88.00 |
| 11/1/2016 | SPR | Review removal statute and related law; confer with CMM and TJM on options and strategy. | 1.0000 | 295.00 | 295.00 |
| 11/2/2016 | TJM | Review Complaint again, map out theories of defense, review preemption issues; review DC authorities. | 2.5000 | 220.00 | 550.00 |
| 11/3/2016 | KLB | Prepare draft Notice of Removal for DC Superior Court, Notice of Removal for U.S. District Court of DC and exhibits, and Civil Cover Sheet. | 1.1000 | 150.00 | 165.00 |
| 11/3/2016 | TJM | Review and edit removal papers. | 0.6000 | 220.00 | 132.00 |
| 11/4/2016 | SPR | Review pleadings before filing. | 1.0000 | 295.00 | 295.00 |
| 11/7/2016 | TJM | Address removal issues raised by D.C. Superior Court clerk and fix same. | 0.8000 | 220.00 | 176.00 |
| 11/8/2016 | KLB | Prepare Disclosure Statement. | 0.3000 | 150.00 | 45.00 |
| 11/12/2016 | TJM | Review complaint and prepare research for motion to dismiss. | 4.1000 | 220.00 | 902.00 |
| 11/13/2016 | TJM | Draft motion to dismiss memorandum. | 5.8000 | 220.00 | 1,276.00 |
| 11/14/2016 | CMM | Review motion to dismiss. | 2.0000 | 210.00 | 420.00 |
| 11/14/2016 | TJM | Finalize motion to dismiss memorandum and motion to dismiss. | 2.2000 | 220.00 | 484.00 |
| 11/14/2016 | TJM | Cite check cases, review edits by R. Tanenbaum and Chaing, finalize brief. | 1.5000 | 220.00 | 330.00 |
| 11/14/2016 | SPR | Review and revise filings; and file documents with federal court. | 2.5000 | 295.00 | 737.50 |

EXHIBIT

B

**Cameron McEvoy, PLLC**                                                                 Page:  2

| | | | | | |
|---|---|---|---|---|---|
| 11/28/2016 | SPR | Conference with co-counsel re: briefing deadline; review local rules; and negotiate deadline with opposing counsel. | 1.0000 | 295.00 | 295.00 |

Sub-total Fees:          7,303.50

### Rate Summary

| | | | |
|---|---|---|---|
| Karrie L. Barbaro | 1.4000 hours at $ 150.00/hr | 210.00 |
| Catherine M. Marks | 7.3000 hours at $ 210.00/hr | 1,533.00 |
| Timothy J. McEvoy | 17.9000 hours at $ 220.00/hr | 3,938.00 |
| Sean Patrick Roche | 5.5000 hours at $ 295.00/hr | 1,622.50 |
| Total hours: | 32.1000 | |

**Expenses**

| | | Units | Price | Amount |
|---|---|---|---|---|
| 11/4/2016 | Online filing fees ($400; $16.45). | 1.0000 | 416.4500 | 416.45 |
| 11/30/2016 | Westlaw charge. | 1.0000 | 135.3900 | 135.39 |

Sub-total Expenses:          551.84

Total Current Billing:      7,855.34
Previous Balance Due:          0.00
Total Payments:          0.00

**Total Now Due:      7,855.34**

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703) 273-8898
27-0198208

Statement as of December 31, 2016
Statement No. 10234

Navient
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA    20191

1718.009:  Armstrong, Anwar and Ann Holiday

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/12/2016 | SPR | Negotiate with opposing counsel; and confer with co-counsel. | 0.8000 | 295.00 | 236.00 |
| 12/20/2016 | TJM | Review Opposition to Motion to Dismiss and begin researching points made therein. | 2.3000 | 220.00 | 506.00 |
| 12/21/2016 | CMM | Research for reply brief in support of Motion to Dismiss. | 1.0000 | 210.00 | 210.00 |
| 12/21/2016 | TJM | Additional research in support of preemption and FCRA arguments. | 1.8000 | 220.00 | 396.00 |
| 12/22/2016 | KLB | Prepare Consent Motion for Extension of Time to File Reply and proposed Order; finalize and e-file; email to clients. | 0.9000 | 150.00 | 135.00 |
| 12/22/2016 | CMM | Research for reply in support of motion to dismiss. | 1.0000 | 210.00 | 210.00 |
| 12/22/2016 | TJM | Work on Reply to Opposition to Motion to Dismiss Complaint; communicate with client and seek continuance with client consent. | 6.1000 | 220.00 | 1,342.00 |
| 12/23/2016 | KLB | Prepare draft Motion and Memorandum in Support of Motion to Appear Pro Hac Vice for Timothy McEvoy; prepare draft Declaration of Timothy McEvoy. | 1.0000 | 150.00 | 150.00 |
| 12/28/2016 | TJM | Review pleadings, Opposition to Motion to Dismiss Complaint and case law and continue drafting Reply in Support of Motion to Dismiss Complaint. | 4.2000 | 220.00 | 924.00 |
| 12/29/2016 | CMM | Research statute for which claims consumers can bring. | 0.3000 | 210.00 | 63.00 |
| 12/29/2016 | CMM | Review, research, edit, and add support for reply brief. | 1.0000 | 210.00 | 210.00 |
| 12/29/2016 | TJM | Continue work on and finalize Reply to support motion to dismiss Complaint. | 4.7000 | 220.00 | 1,034.00 |
| 12/30/2016 | KLB | Finalize Motion and Memorandum of Pro | 0.4000 | 150.00 | 60.00 |

**Cameron McEvoy, PLLC**                                                                                    Page:  2

|            |     | Hac Vice admission of TJM.                                                                 |        |        |          |
|------------|-----|-------------------------------------------------------------------------------------------|--------|--------|----------|
| 12/30/2016 | CMM | Add cites and edits to reply draft. Assist with filing.                                   | 2.3000 | 210.00 | 483.00   |
| 12/30/2016 | TJM | Facilitate filing of complaint after reviewing and accepting changes made by Chaing and Tanenbaum. | 1.2000 | 220.00 | 264.00   |
| 12/30/2016 | SPR | Review and revise pleading before filing.                                                 | 0.5000 | 295.00 | 147.50   |

Sub-total Fees:  6,370.50

### Rate Summary

| Name                | Hours / Rate                        | Amount   |
|---------------------|-------------------------------------|----------|
| Karrie L. Barbaro   | 2.3000 hours at $ 150.00/hr         | 345.00   |
| Catherine M. Marks  | 5.6000 hours at $ 210.00/hr         | 1,176.00 |
| Timothy J. McEvoy   | 20.3000 hours at $ 220.00/hr        | 4,466.00 |
| Sean Patrick Roche  | 1.3000 hours at $ 295.00/hr         | 383.50   |

Total hours:    29.5000

|                        |           |
|------------------------|-----------|
| Total Current Billing: | 6,370.50  |
| Previous Balance Due:  | 7,855.34  |
| Total Payments:        | 0.00      |
| **Total Now Due:**     | **14,225.84** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898

Statement as of January 31, 2017
Statement No. 10350

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA     20191

1718.009:  Armstrong, Anwar and Ann Holiday

| Professional Fees | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 1/3/2017 | KLB | Finalize and efile Motion and Memorandum for Appearance Pro Hac vice for TJM; email to client. | 0.4000 | 150.00 | 60.00 |
| | | Sub-total Fees: | | | 60.00 |

### Rate Summary

| | | | | |
|---|---|---|---|---|
| Karrie L. Barbaro | 0.4000 hours at $ | 150.00/hr | | 60.00 |
| Total hours: | 0.4000 | | | |

| Expenses | | Units | Price | Amount |
|---|---|---|---|---|
| 1/3/2017 | Online filing fee. | 1.0000 | 100.0000 | 100.00 |
| | Sub-total Expenses: | | | 100.00 |

| Payments | | | |
|---|---|---|---|
| 1/30/2017 | Write-off | Write-off per Client Adjustments | 1,404.20 |
| 1/30/2017 | Payment | Deposit - AmEx #027M8162 | 12,821.64 |
| | | Sub-total Payments: | 14,225.84 |

| | |
|---|---|
| Total Current Billing: | 160.00 |
| Previous Balance Due: | 14,225.84 |
| Total Payments: | 14,225.84 |
| **Total Now Due:** | **160.00** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898

Statement as of February 28, 2017
Statement No. 10467

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA    20191

1718.009:  Armstrong, Anwar and Ann Holiday

| Professional Fees | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 2/2/2017 | CMM | Draft new disclosure statement for client's new corporate name. | 0.6000 | 210.00 | 126.00 |
| 2/8/2017 | KLB | Revise Supplemental Disclosure Statement. | 0.1000 | 150.00 | 15.00 |
| 2/9/2017 | TJM | Review corporate name change filing. | 0.1000 | 220.00 | 22.00 |
| | | | | Sub-total Fees: | 163.00 |

### Rate Summary

| | | | |
|---|---|---|---|
| Karrie L. Barbaro | 0.1000hours at $ | 150.00/hr | 15.00 |
| Catherine M. Marks | 0.6000hours at $ | 210.00/hr | 126.00 |
| Timothy J. McEvoy | 0.1000hours at $ | 220.00/hr | 22.00 |
| Total hours: | 0.8000 | | |

| Expenses | | Units | Price | Amount | |
|---|---|---|---|---|---|
| 2/28/2017 | Westlaw charge ($32.98). | 1.0000 | 0.0000 | 0.00 | No Charge |
| | | | Sub-total Expenses: | 0.00 | |

| Payments | | | | |
|---|---|---|---|---|
| 3/21/2017 | Payment | Deposit - AmEx | 160.00 | |
| | | Sub-total Payments: | 160.00 | |

| | |
|---|---|
| Total Current Billing: | 163.00 |
| Previous Balance Due: | 160.00 |
| Total Payments: | 160.00 |
| **Total Now Due:** | **163.00** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898

Statement as of May 31, 2017
Statement No. 10816

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA    20191

1718.009:  Armstrong, Anwar and Ann Holiday

**Professional Fees**

| Date | | Description | Hours | Rate | Amount |
|------|---|-------------|-------|------|--------|
| 5/10/2017 | KLB | Email to clients re: notice of Motion to Dismiss hearing. | 0.1000 | 150.00 | 15.00 |
| 5/19/2017 | KLB | Prepare hearing and case law binder for Motion to Dismiss Hearing. | 1.5000 | 150.00 | 225.00 |
| 5/23/2017 | KLB | Complete hearing and case law binder re: Motion to Dismiss. | 0.4000 | 150.00 | 60.00 |
| 5/30/2017 | SPR | Review order and relevant case law. | 1.0000 | 220.00 | 220.00 |
| | | | | Sub-total Fees: | 520.00 |

**Rate Summary**

| | | | |
|---|---|---|---|
| Karrie L. Barbaro | 2.0000hours at $  150.00/hr | | 300.00 |
| Sean Patrick Roche | 1.0000hours at $  220.00/hr | | 220.00 |
| Total hours: | 3.0000 | | |

**Expenses**

| Date | Description | Units | Price | Amount |
|------|-------------|-------|-------|--------|
| 5/31/2017 | Westlaw charge. | 1.0000 | 32.6600 | 32.66 |
| | | | Sub-total Expenses: | 32.66 |

**Payments**

| Date | | | | Amount |
|------|---|---|---|--------|
| 4/20/2017 | Payment | Deposit - AmEx | | 163.00 |
| | | | Sub-total Payments: | 163.00 |

| | |
|---|---|
| Total Current Billing: | 552.66 |
| Previous Balance Due: | 163.00 |
| Total Payments: | 163.00 |
| **Total Now Due:** | **552.66** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898

Statement as of June 30, 2017
Statement No. 10944

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA   20191

1718.009:  Armstrong, Anwar and Ann Holiday

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/7/2017 | KLB | Revise and finalize Navient's response to the Court's May 30, 2017 Order. | 0.2000 | 150.00 | 30.00 |
| 6/7/2017 | TJM | Review approximately six cases including a newly-decided decision from the District of Columbia federal Court of Appeals on May 30, 2017. | 2.1000 | 220.00 | 462.00 |
| 6/7/2017 | TJM | Draw on research and draft 3 1/2 page letter brief responding to May 30, 2017 minute order. | 1.0000 | 220.00 | 220.00 |
| 6/7/2017 | SPR | Draft and finalize supplemental brief. | 1.4000 | 220.00 | 308.00 |
| 6/9/2017 | KLB | Update hearing and case law binder re: Motion to Dismiss. | 0.4000 | 150.00 | 60.00 |
| 6/9/2017 | TJM | Address issues around whether or not to file supplemental brief in response to misrepresentations by Armstrong. | 0.3000 | 220.00 | 66.00 |
| 6/12/2017 | KLB | Review and revise Reply to Plaintiff's Response to May 30, 2017 Minute Order and prepare proposed Order. | 0.5000 | 150.00 | 75.00 |
| 6/12/2017 | ESW | Analyze parties' submissions on motion to dismiss in preparation to draft sur reply. | 1.2000 | 220.00 | 264.00 |
| 6/12/2017 | ESW | Prepare motion for leave to file sur reply (.4) and sur reply to statement in further support of motion to dismiss (2.9). | 3.3000 | 220.00 | 726.00 |
| 6/13/2017 | TJM | Revise and circulate sur reply/supplemental response. | 0.2000 | 220.00 | 44.00 |
| 6/13/2017 | SPR | Review and revise supplemental briefing for filing. | 1.0000 | 220.00 | 220.00 |
| 6/14/2017 | KLB | Revise and finalize Motion for Leave to File Reply to Plaintiffs' Response to May 30, 2017 Order. | 0.4000 | 150.00 | 60.00 |
| 6/14/2017 | KLB | Email to client. | 0.1000 | 150.00 | 15.00 |

Cameron McEvoy, PLLC

Page: 2

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/14/2017 | SPR | Update and revise supplemental brief; and work with Karrie to get everything filed. | 0.8000 | 220.00 | 176.00 |
| 6/15/2017 | SPR | Review all briefing (1.1); prepare argument outline for hearing (.9). | 2.0000 | 220.00 | 440.00 |
| 6/16/2017 | TJM | Communicate with Roach req inquiry from Judge. | 0.2000 | 220.00 | 44.00 |
| 6/16/2017 | TJM | Review mediation Order and letter from mediator; draft letter back to mediator re request for extension in light of our need to get discovery. | 0.2000 | 220.00 | 44.00 |
| 6/16/2017 | SPR | Prepare for motion to dismiss hearing (.6); attend oral argument on motion to dismiss (2.2). | 2.8000 | 220.00 | 616.00 |

Sub-total Fees:  3,870.00

**Rate Summary**

| Name | Hours | | Rate | Amount |
|---|---|---|---|---|
| Karrie L. Barbaro | 1.6000 | hours at $ | 150.00/hr | 240.00 |
| Timothy J. McEvoy | 4.0000 | hours at $ | 220.00/hr | 880.00 |
| Sean Patrick Roche | 8.0000 | hours at $ | 220.00/hr | 1,760.00 |
| Eric S. Waldman | 4.5000 | hours at $ | 220.00/hr | 990.00 |

Total hours:  18.1000

**Expenses**

| Date | Description | Units | Price | Amount |
|---|---|---|---|---|
| 6/16/2017 | Parking charge (SPR). | 1.0000 | 20.0000 | 20.00 |
| 6/30/2017 | Westlaw charge. | 1.0000 | 13.6800 | 13.68 |

Sub-total Expenses:  33.68

| | |
|---|---|
| Total Current Billing: | 3,903.68 |
| Previous Balance Due: | 552.66 |
| Total Payments: | 0.00 |
| **Total Now Due:** | **4,456.34** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898

Statement as of July 31, 2017
Statement No. 11060

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA    20191

1718.009:  Armstrong, Anwar and Ann Holiday

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/3/2017 | SPR | Review Navient documents for current status of loans and compare against Plaintiffs claims. | 1.0000 | 220.00 | 220.00 |
| 7/18/2017 | SMR | Draft Confidential Mediation Statement. | 1.0000 | 125.00 | 125.00 |
| | | | | Sub-total Fees: | 345.00 |

### Rate Summary

| | | | | |
|---|---|---|---|---|
| Sally M. Ribera | 1.0000 hours at $ | 125.00/hr | | 125.00 |
| Sean Patrick Roche | 1.0000 hours at $ | 220.00/hr | | 220.00 |
| Total hours: | 2.0000 | | | |

## Payments

| | | | |
|---|---|---|---|
| 8/15/2017 | Write-off | Write-off per client adjustment | 32.66 |
| 8/15/2017 | Payment | Deposit - AmEx | 520.00 |
| | | Sub-total Payments: | 552.66 |

| | |
|---|---|
| Total Current Billing: | 345.00 |
| Previous Balance Due: | 4,456.34 |
| Total Payments: | 552.66 |
| **Total Now Due:** | **4,248.68** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898

Statement as of August 31, 2017
Statement No. 11199

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA    20191

1718.009:  Armstrong, Anwar and Ann Holiday

**Professional Fees**

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/3/2017 | SPR | Draft and revise mediation statement. | 2.0000 | 220.00 | 440.00 |
| 8/4/2017 | SPR | Update, revise, and finalize mediation statement (1.7); and confer with Tim (.1). | 1.8000 | 220.00 | 396.00 |
| 8/9/2017 | SPR | Prepare for mediation and attend mediation. | 3.5000 | 220.00 | 770.00 |
| 8/24/2017 | SPR | Negotiate with opposing counsel re: fraud investigation and entry of stay (.8); confer with clients (.1); and update status report to the court (.1). | 1.0000 | 220.00 | 220.00 |
| 8/25/2017 | SPR | Draft and finalize joint status report re: mediation. | 0.8000 | 220.00 | 176.00 |
| | | | | Sub-total Fees: | 2,002.00 |

**Rate Summary**

| | | | | |
|---|---|---|---|---|
| Sean Patrick Roche | 9.1000 hours at $ | 220.00/hr | | 2,002.00 |
| Total hours: | 9.1000 | | | |

**Expenses**

| | | Units | Price | Amount |
|---|---|---|---|---|
| 8/9/2017 | Parking charge (SPR). | 1.0000 | 20.0000 | 20.00 |
| | | Sub-total Expenses: | | 20.00 |

| | |
|---|---|
| Total Current Billing: | 2,022.00 |
| Previous Balance Due: | 4,248.68 |
| Total Payments: | 0.00 |
| **Total Now Due:** | **6,270.68** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898

Statement as of October 31, 2017
Statement No. 11434

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA     20191

1718.009:  Armstrong, Anwar and Ann Holiday

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/27/2017 | SPR | Negotiate with opposing counsel re: pending stay of litigation; confer re: fraud packet; and revise and file joint status report. | 1.3000 | 220.00 | 286.00 |
| 10/28/2017 | SPR | Update Navient re: case status. | 0.5000 | 220.00 | 110.00 |
| | | | | Sub-total Fees: | 396.00 |

### Rate  Summary

| | Sean Patrick Roche | 1.8000 hours at $ 220.00/hr | 396.00 |
|---|---|---|---|
| | | Total hours:    1.8000 | |

### Payments

| | | | | |
|---|---|---|---|---|
| 9/29/2017 | Payment | Deposit - AmEx | | 3,890.00 |
| 9/29/2017 | Write-off | Write-off per Client Adjustment | | 13.68 |
| 9/29/2017 | Payment | Deposit - AmEx | | 345.00 |
| 10/20/2017 | Payment | Deposit - AmEx | | 2,022.00 |
| | | | Sub-total Payments: | 6,270.68 |

| | |
|---|---|
| Total Current Billing: | 396.00 |
| Previous Balance Due: | 6,270.68 |
| Total Payments: | 6,270.68 |
| **Total Now Due:** | **396.00** |

# Cameron  McEvoy,  PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898

Statement as of November 30, 2017
Statement No. 11543

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA     20191

1718.009:  Armstrong, Anwar and Ann Holiday

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/8/2017 | SMR | Draft joint motion and proposed consent order. | 0.5000 | 125.00 | 62.50 |
| 11/8/2017 | SPR | Negotiate with opposing counsel re: scheduling of status hearing; confer with court clerk. | 1.5000 | 220.00 | 330.00 |
| 11/9/2017 | SPR | Coordinate schedules with opposing counsel and the court clerk; and draft and file motion to reschedule status hearing. | 2.0000 | 220.00 | 440.00 |
| 11/14/2017 | SPR | Review case file; and update Navient re: status. | 0.8000 | 220.00 | 176.00 |
| 11/15/2017 | CGH | Prepare Declaration of Timothy J. McEvoy to appear Pro Hac Vice. | 0.5000 | 125.00 | 62.50 |
| 11/20/2017 | CGH | Finalize ECF Attorney Participant Registration Form and email to the Clerk of Court. | 0.3000 | 125.00 | 37.50 |
| 11/21/2017 | SPR | Prepare for status hearing; review motion to dismiss arguments; and attend status hearing. | 3.5000 | 220.00 | 770.00 |
| 11/22/2017 | SPR | Confer with Sally re: court filing; and update Navient re: status hearing and eventual ruling on the Motion to Dismiss. | 0.5000 | 220.00 | 110.00 |
| | | | | Sub-total Fees: | 1,988.50 |

### Rate  Summary

| | Hours | Rate | Amount |
|---|---|---|---|
| Carolyn G. Herrera | 0.8000 hours at $ | 125.00/hr | 100.00 |
| Sally M. Ribera | 0.5000 hours at $ | 125.00/hr | 62.50 |
| Sean Patrick Roche | 8.3000 hours at $ | 220.00/hr | 1,826.00 |
| Total hours: | 9.6000 | | |

**Cameron McEvoy, PLLC**                                                        Page:  2

| | |
|---|---:|
| Total Current Billing: | 1,988.50 |
| Previous Balance Due: | 396.00 |
| Total Payments: | 0.00 |
| **Total Now Due:** | **2,384.50** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898
27-0198208

Statement as of March 31, 2018
Statement No. 12102

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA     20191

1718.009:  Armstrong, Anwar and Ann Holiday

| Professional Fees | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 3/4/2018 | SPR | Review order and confer with clients. | 1.0000 | 220.00 | 220.00 |
| 3/21/2018 | ESW | Analyze pleadings; perform research regarding standing and stating a claim under the CPPA; prepare supplemental memorandum in support of motion to dismiss. | 1.3000 | 220.00 | 286.00 |
| 3/24/2018 | ESW | Continue drafting supplemental statement of points and authorities in support of motion to dismiss; perform research on standing and emotional distress injuries under the CPPA. | 2.7000 | 220.00 | 594.00 |
| 3/26/2018 | ESW | Finish supplemental memorandum in support of motion to dismiss. | 0.5000 | 220.00 | 110.00 |
| 3/27/2018 | SPR | Reviewing ruling and begin to prepare supplemental memo. | 1.0000 | 220.00 | 220.00 |
| 3/29/2018 | SPR | Review and revise supplemental brief. | 1.0000 | 220.00 | 220.00 |
| 3/30/2018 | SPR | Finalize and file supplemental memo. | 1.0000 | 220.00 | 220.00 |
| | | | Sub-total Fees: | | 1,870.00 |

### Rate Summary

| | | | |
|---|---|---|---|
| Sean Patrick Roche | 4.0000hours at $ | 220.00/hr | 880.00 |
| Eric S. Waldman | 4.5000hours at $ | 220.00/hr | 990.00 |
| Total hours: | 8.5000 | | |

### Payments

| | | | |
|---|---|---|---|
| 12/26/2017 | Payment | Deposit - AmEx | 374.00 |
| 12/26/2017 | Write-off | Write-off per Client Adjustment | 22.00 |
| 2/1/2018 | Write-off | Write-off per Client Adjustment | 48.00 |
| 2/1/2018 | Payment | Deposit - AmEx | 1,940.50 |

**Cameron McEvoy, PLLC**                                                                                    Page:  2

Sub-total Payments:           2,384.50

Total Current Billing:        1,870.00
Previous Balance Due:         2,384.50
Total Payments:               2,384.50

**Total Now Due:**            **1,870.00**

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898
27-0198208

Statement as of April 30, 2018
Statement No. 12263

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA     20191

1718.009:  Armstrong, Anwar and Ann Holiday

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 4/6/2018 | SPR | Review brief from Plaintiffs; and review case law cited. | 1.0000 | 220.00 | 220.00 |
| 4/17/2018 | SPR | Review motion to dismiss filings; review court order; prepare outline for status hearing re: standing; attend status hearing; and confer with clients. | 3.8000 | 220.00 | 836.00 |
| 4/18/2018 | SPR | Review case file documents in response to judge's order; listen to phone recordings for admissions; and confer with clients. | 2.5000 | 220.00 | 550.00 |
| 4/23/2018 | SPR | Confer with clients; and review documents for production. | 0.8000 | 220.00 | 176.00 |
| 4/24/2018 | SPR | Review documents; and prepare document production. | 2.0000 | 220.00 | 440.00 |
| | | Sub-total Fees: | | | 2,222.00 |

### Rate Summary

| | | | | |
|---|---|---|---|---|
| Sean Patrick Roche | 10.1000 hours at $ | 220.00/hr | | 2,222.00 |
| Total hours: | 10.1000 | | | |

| **Expenses** | | | Units | Price | Amount |
|---|---|---|---|---|---|
| 4/17/2018 | | Parking charge (SPR). | 1.0000 | 4.6000 | 4.60 |
| | | Sub-total Expenses: | | | 4.60 |

| | |
|---|---|
| Total Current Billing: | 2,226.60 |
| Previous Balance Due: | 1,870.00 |
| Total Payments: | 0.00 |
| **Total Now Due:** | **4,096.60** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898
27-0198208

Statement as of May 31, 2018
Statement No. 12445

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA     20191

1718.009:  Armstrong, Anwar and Ann Holiday

| Professional Fees | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/17/2018 | SPR | Review email from opposing counsel; confer with clients; and confer with opposing counsel. | 0.3000 | 220.00 | 66.00 |
| 5/25/2018 | SPR | Review and outline First Amended Complaint. | 1.0000 | 220.00 | 220.00 |
| 5/25/2018 | ESW | Analyze amended complaint. | 0.5000 | 220.00 | 110.00 |
| 5/30/2018 | SPR | Review filings; and begin to draft motion to dismiss and Rule 11 motion. | 1.0000 | 220.00 | 220.00 |
| 5/30/2018 | ESW | Draft memorandum of law in support of Motion to Dismiss. | 2.8000 | 220.00 | 616.00 |
| 5/30/2018 | ESW | Research claims for declaratory judgment and injunctive relief. | 1.7000 | 220.00 | 374.00 |
| 5/31/2018 | ESW | Perform research regarding injunction requests related to furnishers of information. | 1.2000 | 220.00 | 264.00 |
| 5/31/2018 | ESW | Continue drafting memorandum of law in support of Motion to Dismiss. | 1.8000 | 220.00 | 396.00 |
| | | | | Sub-total Fees: | 2,266.00 |

## Rate Summary

| | | | |
|---|---|---|---|
| Sean Patrick Roche | 2.3000hours at $ | 220.00/hr | 506.00 |
| Eric S. Waldman | 8.0000hours at $ | 220.00/hr | 1,760.00 |
| Total hours: | 10.3000 | | |

## Payments

| | | | |
|---|---|---|---|
| 6/20/2018 | Payment | Deposit - AmEx | 1,870.00 |
| | | Sub-total Payments: | 1,870.00 |

**Cameron McEvoy, PLLC**                                                              Page: 2

| | |
|---|---:|
| Total Current Billing: | 2,266.00 |
| Previous Balance Due: | 4,096.60 |
| Total Payments: | 1,870.00 |
| **Total Now Due:** | **4,492.60** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703) 273-8898
27-0198208

Statement as of June 30, 2018
Statement No. 12638

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA     20191

1718.009:  Armstrong, Anwar and Ann Holiday

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/5/2018 | SPR | Update and revise motion to dismiss. | 1.0000 | 220.00 | 220.00 |
| 6/5/2018 | ESW | Finalize Memorandum in Support of Motion to Dismiss. | 1.7000 | 220.00 | 374.00 |
| 6/6/2018 | SMR | Draft table of contents and table of authorities. | 2.0000 | 125.00 | 250.00 |
| 6/7/2018 | SPR | Review and revise motion to dismiss. | 1.0000 | 220.00 | 220.00 |
| 6/7/2018 | ESW | Draft Motion for Attorney's Fees and Costs. | 2.2000 | 220.00 | 484.00 |
| 6/7/2018 | ESW | Finalize Memorandum of Law in Support of Motion to Dismiss. | 0.6000 | 220.00 | 132.00 |
| 6/7/2018 | ESW | Draft Rule 11 Safe Harbor letter. | 0.5000 | 220.00 | 110.00 |
| 6/8/2018 | ESW | Continue drafting Motion for Attorneys' Fees and Costs. | 0.6000 | 220.00 | 132.00 |
| 6/11/2018 | ESW | Finalize Rule 11 Safe Harbor Letter. | 0.3000 | 220.00 | 66.00 |
| 6/11/2018 | ESW | Finalize Motion for Attorneys' Fees and Costs. | 1.3000 | 220.00 | 286.00 |
| 6/18/2018 | SPR | Review and revise Rule 11 letter and motion. | 1.0000 | 220.00 | 220.00 |
| 6/19/2018 | SPR | Review and finalize Rule 11 documents. | 0.8000 | 220.00 | 176.00 |
| 6/19/2018 | ESW | Finalize Rule 11 Safe Harbor letter. | 0.2000 | 220.00 | 44.00 |
| 6/19/2018 | ESW | Finalize Motion for Attorney's Fees and Costs. | 0.2000 | 220.00 | 44.00 |
| 6/21/2018 | SMR | Draft table of contents and table of authorities. | 2.5000 | 125.00 | 312.50 |
| 6/21/2018 | ESW | Finalize Motion for Attorney's Fees and confer with SPR regarding the same. | 0.2000 | 220.00 | 44.00 |
| 6/22/2018 | SPR | Finalize Rule 11 motion filings. | 1.0000 | 220.00 | 220.00 |
| 6/26/2018 | SMR | Prepare case binder. | 3.0000 | 125.00 | 375.00 |
| 6/29/2018 | ESW | Initial review of Plaintiff's Opposition to Motion to Dismiss. | 0.5000 | 220.00 | 110.00 |

**Cameron McEvoy, PLLC**                                                     Page:  2

Sub-total Fees:      3,819.50

### Rate  Summary

| | | | |
|---|---|---|---:|
| Sally M. Ribera | 7.5000 hours at $ | 125.00/hr | 937.50 |
| Sean Patrick Roche | 4.8000 hours at $ | 220.00/hr | 1,056.00 |
| Eric S. Waldman | 8.3000 hours at $ | 220.00/hr | 1,826.00 |
| Total hours: | 20.6000 | | |

**Expenses**

| | | Units | Price | Amount |
|---|---|---|---|---:|
| 6/22/2018 | FedEx charge. | 1.0000 | 18.0500 | 18.05 |
| | | | Sub-total Expenses: | 18.05 |

**Payments**

| | | | |
|---|---|---|---:|
| 7/2/2018 | Payment | Deposit - AmEx | 2,226.60 |
| | | Sub-total Payments: | 2,226.60 |

| | |
|---|---:|
| Total Current Billing: | 3,837.55 |
| Previous Balance Due: | 4,492.60 |
| Total Payments: | 2,226.60 |
| **Total Now Due:** | **6,103.55** |

# Cameron McEvoy, PLLC

4100 Monument Corner Drive, Suite 420
Fairfax, VA   22030

(703)273-8898
27-0198208

Statement as of July 31, 2018
Statement No. 12803

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA     20191

1718.009:  Armstrong, Anwar and Ann Holiday

**Professional Fees**

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/2/2018 | ESW | Prepare introduction to Reply in Support of Motion to Dismiss. | 0.8000 | 220.00 | 176.00 |
| 7/2/2018 | ESW | Prepare DCCPPA section of Reply in Support of Motion to Dismiss. | 2.2000 | 220.00 | 484.00 |
| 7/2/2018 | ESW | Prepare breach of contract claim section of Reply in Support of Motion to Dismiss. | 1.1000 | 220.00 | 242.00 |
| 7/2/2018 | ESW | Prepare negligence claim section of Reply in Support of Motion to Dismiss. | 0.8000 | 220.00 | 176.00 |
| 7/3/2018 | ESW | Finalize Reply Memorandum in Support of Motion to Dismiss. | 2.5000 | 220.00 | 550.00 |
| 7/3/2018 | EGW | Proof and edit Reply in Support of Motion to Dismiss; create and insert Table of Authorities and Table of Contents; cite check. | 1.2000 | 125.00 | 150.00 |
| 7/5/2018 | SMR | Review and revise reply brief. | 1.5000 | 125.00 | 187.50 |
| 7/5/2018 | SPR | Finalize and file Reply Brief to Motion to Dismiss. | 1.0000 | 220.00 | 220.00 |
| 7/5/2018 | ESW | Finalize Reply Memorandum in Support of Motion to Dismiss. | 1.2000 | 220.00 | 264.00 |
| 7/19/2018 | ESW | Analyze pleadings and loan documents in preparation for Rule 11 meet and confer with Plaintiff's counsel. | 1.8000 | 220.00 | 396.00 |
| 7/19/2018 | ESW | Correspond with Plaintiff's counsel regarding Rule 11 meet and confer conference. | 0.1000 | 220.00 | 22.00 |
| 7/20/2018 | ESW | Correspond with Plaintiff's counsel regarding Rule 11 motion meet and confer. | 0.2000 | 220.00 | 44.00 |
| 7/20/2018 | ESW | Prepare for Rule 11 meet and confer. | 0.3000 | 220.00 | 66.00 |

Sub-total Fees:     2,977.50

**Cameron McEvoy, PLLC**                                                                                          Page:  2

## Rate Summary

| | | | |
|---|---|---|---|
| Sally M. Ribera | 1.5000 hours at $ | 125.00/hr | 187.50 |
| Sean Patrick Roche | 1.0000 hours at $ | 220.00/hr | 220.00 |
| Eric S. Waldman | 11.0000 hours at $ | 220.00/hr | 2,420.00 |
| Elizabeth G. Wilmore | 1.2000 hours at $ | 125.00/hr | 150.00 |
| Total hours: | 14.7000 | | |

| | |
|---|---|
| Total Current Billing: | 2,977.50 |
| Previous Balance Due: | 6,103.55 |
| Total Payments: | 0.00 |
| **Total Now Due:** | **9,081.05** |

# Pre-bill

Closing date: August 31, 2018

Navient Solutions, LLC
Patrick Chaing
Office of the General Counsel
2001 Edmund Halley Drive
Reston, VA    20191

Matter ID: 1718.009
Opened: 10/24/2016
Status: Open
YTD Billed Fees:          13,155.00
YTD Billed Disb:               22.65
YTD Receipts:            12,140.65

Originating TJM
Billing TJM
Responsible CMM

Armstrong, Anwar and Ann Holiday

**Fees**

| | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 8/27/2018 | 150862 | SPR | Confer with client re: Rule 11 motion; and review/revise motion to prepare for filing. | 1.0000 | 220.00 | 220.00 |
| 8/27/2018 | 150785 | ESW | Confer with SPR regarding Rule 11 motion. | 0.1000 | 220.00 | 22.00 |
| 8/28/2018 | 150876 | ESW | Revise brief in support of motion for sanctions. | 1.0000 | 220.00 | 220.00 |
| 8/28/2018 | 150877 | ESW | Confer with SPR regarding revisions to motion for sanctions and strategy. | 0.2000 | 220.00 | 44.00 |
| | | | | | Sub-total Fees: | 506.00 |

**Rate  Summary**

| | | | |
|---|---|---|---|
| Sean Patrick Roche | 1.0000 hours at $ 220.00 /hr | | 220.00 |
| Eric S. Waldman | 1.3000 hours at $ 220.00 /hr | | 286.00 |
| | Total hours: | 2.3000 | 506.00 |

**Payments**

| | | | |
|---|---|---|---|
| 8/24/2018 | Payment | Deposit - AmEx | 2,266.00 |
| 8/31/2018 | Payment | Deposit - AmEx | 3,837.55 |
| | | | 6,103.55 |

# Pre-bill

1718.009 / Navient Solutions, LLC
Armstrong, Anwar and Ann Holiday

Page: 2

**Account Status**

|  | Fees | Disb | Total |
|---|---|---|---|
| Current AR Balance | 2,977.50 | 0.00 | 2,977.50 |
| +/- Unbilled Fees/Disb | 506.00 | 0.00 | 506.00 |
| Balance if billed in full | 3,483.50 | 0.00 | 3,483.50 |

| | |
|---|---|
| Total Current Billing: | 506.00 |
| Previous Balance Due: | 9,081.05 |
| Total Payments: | 6,103.55 |
| Total Now Due: | 3,483.50 |