

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**EXHIBIT A**



**Sean Patrick Roche**
**Attorney at Law**
sroche@cameronmcevoy.com
**Office:** 703-273-8898

June 22, 2018

**VIA FEDERAL EXPRESS AND E-MAIL**

Tyler Jay King, Esq.
Franklin Square Law Group
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
tyler@lawgroupfs.com

  Re: Rule 11 – Safe Harbor Letter
    Armstrong, *et al.* v. Navient Solutions, LLC – Civil Action No. 1:16-cv-2212
    United States District Court for the District of Columbia

Dear Mr. King:

  This letter is provided in accordance with Rule 11 of the Federal Rules of Civil Procedure. More specifically, Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

As you know, you have filed a First Amended Complaint in the above-referenced suit against my client, Navient Solutions, LLC, seeking $450,000.00 in damages.

A violation of any of the above-referenced provisions of Rule 11 empowers a court to award sanctions to deter the filing of frivolous lawsuits or claims presented for any improper purpose. As detailed in the Motion to Dismiss and accompanying documents, your claim has no basis in fact or law and, as such, appears to have been brought for an improper purpose. The fact that you have filed a First Amended Complaint that is nearly identical to the original Complaint, which was dismissed by the Court, only serves to confirm the lack of any basis in fact or law to support your clients' claims. Moreover, I have previously asked for some support for the claims and none has been provided. To the extent the allegations are that Plaintiffs made payments that were not credited to the account, presumably there should be some evidence of payments though you have provided none. I can only assume that no such proof exists.

In accordance with Rule 11 of the Federal Rules of Civil Procedure, we demand that you dismiss the claims asserted in this matter, with prejudice. If you refuse to do so, we intend to petition the Court after twenty-one (21) days from this letter to impose monetary sanctions for such misconduct. A copy of the proposed Motion for Attorney's Fees and Costs is enclosed. To the extent you have some proof to support the filing of the First Amended Complaint, please provide that proof or I will conclude that no such proof exists and proceed accordingly.

Very truly yours,

Sean Patrick Roche

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANWAR J. ARMSTRONG, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 1:16-cv-2212-RDM |
| ) | |
| v. ) | **ORAL HEARING REQUESTED** |
| ) | |
| NAVIENT SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

### NAVIENT SOLUTIONS, LLC'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant Navient Solutions, LLC, formerly Navient Solutions, Inc. ("NSL"), by counsel, pursuant to Rules 11 and 54 of the Federal Rules of Civil Procedure, files this Motion for Attorneys' Fees and Costs. The detailed reasons in support of this Motion are contained in the accompanying Statement of Points and Authorities filed in support hereof, which is incorporated herein by reference.

WHEREFORE, Defendant Navient Solutions, LLC moves this Honorable Court to award its attorneys' fees and costs, and to grant such other and further relief as deemed appropriate.

Dated: July __, 2018

Respectfully Submitted,

NAVIENT SOLUTIONS, LLC
By Counsel

/s/ Sean Patrick Roche
Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Timothy J. McEvoy, Esq. (admitted *pro hac vice*)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898 (telephone)
(703) 273-8897 (facsimile)

sroche@cameronmcevoy.com
tmcevoy@cameronmcevoy.com
*Counsel for Defendant Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __ day of July 2018, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system to all counsel of record at:

Tyler Jay King, Esquire (D.C. Bar No. 979592)
FRANKLIN SQUARE LAW GROUP
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
(202) 595-9585
(202) 478-0964 (facsimile)
tyler@lawgroupfs.com
*Counsel for Plaintiffs*
*Anwar J. Armstrong and Ann Holiday*

/s/ Sean Patrick Roche
Sean Patrick Roche, Esquire (D.C. Bar No. 498623)
*Counsel for Defendant*

Cameron McEvoy PLLC
4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANWAR J. ARMSTRONG, *et al.*,            )
                                         )
    Plaintiffs,                         )
                                         )   Civil Action No. 1:16-cv-2212-RDM
v.                                       )
                                         )   **ORAL HEARING REQUESTED**
NAVIENT SOLUTIONS, INC.,                 )
                                         )
    Defendant.                          )

### NAVIENT SOLUTIONS, LLC'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Timothy J. McEvoy, Esq. (admitted *pro hac vice*)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898 (telephone)
(703) 273-8897 (facsimile)
sroche@cameronmcevoy.com
tmcevoy@cameronmcevoy.com
*Counsel for Defendant Navient Solutions, LLC*

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Cameron/McEvoy PLLC

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

CONCLUSION .................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Cases:**

*Ali v. Rumsfeld,*
    649 F.3d 762 (D.C. Cir. 2011) ...................................................................................5

*Atkins v. Fischer,*
    232 F.R.D. 116 (D.D.C. 2005) ...................................................................................3

*Forti v. W.C. & A.N. Miller Dev. Co.,*
    No. CIVA 06-0613 JR, 2006 WL 3191233 (D.D.C. Nov. 2, 2006) ..........................4

*Hickey v. Scott,*
    738 F.Supp.2d 55 (D.D.C. 2010) ...............................................................................3

*Mohamed v. Select Portfolio Servicing, Inc.,*
    215 F. Supp. 3d 85 (D.D.C. 2016) .............................................................................5

*Rafferty v. NYNEX Corp.,*
    60 F.3d 844 (D.C. Cir. 1995) .....................................................................................4

*Reynolds v. U.S. Capitol Police Bd.,*
    357 F. Supp. 2d 19 (D.D.C. 2004) .............................................................................4

*Scruggs v. Getinge USA, Inc.,*
    258 F.R.D. 177 (D.D.C 2009) ....................................................................................3

*Westmoreland v. CBS, Inc.,*
    770 F.2d 1168 (D.C. Cir. 1985) .................................................................................4

**Rules:**

Federal Rule of Civil Procedure 11 ................................................................................ 1, 2, 3, 4, 6

Federal Rule of Civil Procedure 54 ........................................................................................... 1, 2

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy PLLC

Defendant Navient Solutions, LLC, formerly Navient Solutions, Inc. ("NSL"), by counsel, pursuant to Rules 11 and 54 of the Federal Rules of Civil Procedure, files this Statement of Points and Authorities in Support of Motion for Attorneys' Fees and Costs as follows:

## I. INTRODUCTION

Plaintiffs Ann Holiday ("Holiday") and Anwar Armstrong ("Armstrong") are mother and son, respectively. In their original Complaint, they allege that NSL, a servicer of student loans, violated the "District of Columbia Consumer Protection Procedures Act [DCCPPA], and related state and federal laws" in connection with the furnishing of Plaintiffs' credit information pertaining to their student loans to at least one credit reporting agency.

In a Memorandum Opinion and Order dated March 2, 2018, the Court dismissed Plaintiffs' original Complaint holding that the Fair Credit Reporting Act ("FCRA") preempted Plaintiffs' DCCPPA and negligence claims in part, and that any non-preempted portion of Plaintiffs' negligence claims failed to state a claim, as did Plaintiffs' claim for breach of contract.

Yet despite the Court's Opinion and Order, Plaintiffs filed a First Amended Complaint ("FAC") that asserts substantially the same, if not identical, claims that they asserted in their original Complaint. Moreover, the claims simply have no merit. In response to an order of this Court instructing NSL to provide the promissory notes which Plaintiffs seemed to dispute signing, NSL provided the promissory notes along with an account history showing that Plaintiffs have defaulted on their obligations. It is apparent that this action is an attempt to avoid a student loan debt that is clearly owed and has simply gone unpaid. As such, Plaintiffs' filing of the FAC violates Rule 11 of the Federal Rules of Civil Procedure since the claims asserted therein are frivolous and were clearly brought for an improper purpose to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

1

On June 20, 2018, Plaintiff's counsel was served with a Rule 11 "safe harbor letter." *See* Exhibit A, Safe Harbor Letter ("Letter"). The Letter noted the complete lack of any factual or legal basis for Plaintiffs' underlying claims, now asserted for a second time in the FAC. NSL was willing to allow some latitude in the filing (and dismissal) of the original Complaint as it understands that Rule 11 is reserved for egregious sanctionable conduct. However, the utter lack of merit in the claims and the fact that it appears that Plaintiffs will continue to pursue meritless claims in spite of the obvious lack of merit, necessitates this Motion. Moreover, the Letter demanded that Plaintiffs dismiss their claims or expose themselves to a motion for sanctions. Plaintiffs ignored the letter and instead have proceeded with their claims.[1]

An award of attorney's fees and costs is appropriate, as explained in more detail below, not only to deter these sorts of frivolous claims, but also because of the substantial cost incurred by NSL to defend this matter.

## II. ARGUMENT

This Court is empowered with various options in the present circumstance for awarding attorney's fees and costs in the face of unsupported claims. To begin, Rules 11 and 54 of the Federal Rules of Civil Procedure provide that attorney's fees and costs may be awarded for frivolous and unsupported claims. *See* Rule 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rules 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."); Rule 54(d) (permitting an award of attorney's fees upon motion).

Rule 11 provides that:

---

[1] Rule 11(c) of the Federal Rules of Civil Procedure provides that "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after" notice of the frivolous/unsupported claims a court may award sanctions, including attorney's fees and costs. *Id.*

2

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;**
> **(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;**
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).

Courts have held that "[t]he test [for sanctions] under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Hickey v. Scott*, 738 F. Supp. 2d 55, 72 (D.D.C. 2010) (holding that counterclaims for fraud and abuse of process were frivolous) (citing *Scruggs v. Getinge USA, Inc.*, 258 F.R.D. 177, 180–81 (D.D.C.2009)) (internal citations omitted). In addition, "[t]he Court must also take into consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on judicial proceedings." *Id.*; *See also Atkins v. Fischer,* 232 F.R.D. 116, 129 (D.D.C.2005) ("It has long been held that in considering the implementation of sanctions against a party or a counsel to a litigation, a district court may consider all the circumstances surrounding the alleged violation.")

Moreover, courts have held that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension,

3

modification or reversal of existing law, or is interposed for any improper purpose, '**Rule 11 *requires* that sanctions of some sort be imposed.**'" *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (emphasis added) ("the conduct of plaintiff Thompson and his attorneys in filing the Amended Complaint, piggybacking on plaintiff Johnson Reynolds' case but alleging essentially the same claims alleged in prior cases, constitutes a clear violation of Rule 11, subsections (b)(1), (2), and (3), and thus warrants sanctions") (quoting *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 852 (D.C.Cir.1995); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985) (stating that Rule 11 mandates the imposition of sanctions when warranted by groundless or abusive practices"); *Forti v. W.C. & A.N. Miller Dev. Co.*, No. CIVA 06-0613 JR, 2006 WL 3191233, at *1 (D.D.C. Nov. 2, 2006) (issuing sanctions where plaintiff's claims were so clearly barred by the preclusion doctrine, her bad faith and intent to harass were readily apparent).

In the present case, Plaintiffs were on notice of the frivolous nature of the FAC. Indeed, in its Memorandum Opinion and Order, the Court found that the FCRA preempted Plaintiffs' DCCPPA and negligence claims in part, and that any non-preempted portion of Plaintiffs' negligence claims failed to state a claim. The Court also ruled that Plaintiffs' breach of contract claim failed to state a claim.

In the face of the Court's clear ruling, Plaintiffs chose to file the FAC, which is substantially similar, if not identical, to the original Complaint. More specifically, Count I alleges that NSL violated the DCCPPA because it made "representations" about Plaintiffs "regarding the amount of [their student loan] account balance." *Compare* Complaint Statement of Fact Section ("Cmplt. SOF") ¶ 14 *with* FAC ¶ 44. Plaintiffs allege these unspecified "representations" were made to them and to "others", but the only specific consequence

4

identified in the FAC is that NSL published, or caused to be published, an incorrect credit report. *Id.* Essentially, Plaintiffs allege that NSL furnished incorrect information to a credit reporting agency, resulting in inaccurate credit reports for Plaintiffs Holiday and Armstrong. *Compare* Cmplt. SOF ¶¶ 5-10 *with* FAC ¶¶ 31–36. The FAC literally provides no support or detail behind these allegations. And, in spite of receiving an account history showing that Plaintiffs have ignored payment obligations, Plaintiffs have yet to provide any support for the allegations that the amounts shown as owed are in fact incorrect. Moreover, while the undersigned has asked for some proof that Plaintiffs made payments that were not credits to Plaintiffs account, the undersigned's requests have been ignored. Clearly, no such support for the FAC exists.

Count II alleges a claim for breach of contract, claiming NSL breached "an agreement for student loan credit," though it fails to identify any terms of the agreement or attach it to the original Complaint or the FAC. *Compare* Cmplt. SOF ¶¶ 18 *with* FAC ¶ 48. Plaintiffs again claim that NSL failed to keep a proper account balance and "asserts an invalid account balance," *i.e.,* NSL furnished incorrect information to credit reporting agencies, which led to the improper "credit report." *Compare* Cmplt. SOF ¶ 20 *with* FAC ¶ 50. No support is provided for these allegations and nothing within NSL's files indicates any support for these allegations.

Count III alleges that NSL was negligent because it failed to fulfill an alleged duty "to monitor and correctly report their account balance," leading again to the incorrect "credit report." *Compare* Cmplt. SOF ¶ 24 *with* FAC ¶ 54.[2]

---

[2] Although Plaintiffs asserted a claim for declaratory judgment and injunctive relief, those claims fail as a matter of law for the reasons stated in NSL's Motion to Dismiss. Specifically, and among other things, the DJA "does not…provide a stand-alone cause of action; it only authorizes a form of relief." *Mohamed v. Select Portfolio Servicing, Inc.*, 215 F. Supp. 3d 85, 97 (D.D.C. 2016) (citing *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011).

5

There can be no question that Plaintiffs' filing of the FAC violates Rule 11. First, the FAC is frivolous because it has no basis in law or fact, as reflected in the Court's ruling dismissing the original Complaint that asserted substantially similar, if not identical, claims as those asserted in the FAC. Second, the FAC was presented for an improper purpose because Plaintiffs clearly knew that their claims were meritless and frivolous based on the Court's prior ruling, and the total lack of any evidentiary support for the claims, but nonetheless filed the pleading for the purpose of continuing a baseless lawsuit and subjecting NSL to unnecessary and mounting litigation costs and fees.

The exact amount of the fees and costs incurred by NSL is provided by detailed invoice, attached hereto as Exhibit B, and further summarized by Affidavit, attached as Exhibit C.

### III. CONCLUSION

WHEREFORE, in consideration of the foregoing, Defendant Navient Solutions, LLC moves this Court to award its attorneys' fees and costs, as detailed in the attached Exhibits B and C, and to grant such other and further relief as deemed appropriate.

Dated: July __, 2018                                             Respectfully Submitted,

                                                                 NAVIENT SOLUTIONS, LLC
                                                                 By Counsel


                                                                 /s/ Sean Patrick Roche
                                                                 Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
                                                                 Timothy J. McEvoy, Esq. (*pro hac vice* to be filed)
                                                                 CAMERON/MCEVOY PLLC
                                                                 4100 Monument Corner Drive, Suite 420
                                                                 Fairfax, Virginia 22030
                                                                 (703) 273-8898
                                                                 (703) 273-8897 (facsimile)
                                                                 sroche@cameronmcevoy.com
                                                                 tmcevoy@cameronmcevoy.com
                                                                 *Counsel for Defendant Navient Solutions, LLC*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of July, 2018, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system to all counsel of record. The following was also served by First Class United States mail upon the following:

Tyler Jay King, Esquire (D.C. Bar No. 979592)
FRANKLIN SQUARE LAW GROUP
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
(202) 595-9585
(202) 478-0964 (facsimile)
tyler@lawgroupfs.com
*Counsel for Plaintiffs*
*Anwar J. Armstrong and Ann Holiday*


/s/ Sean Patrick Roche
Sean Patrick Roche, Esquire (D.C. Bar No. 498623)
*Counsel for Defendant*

7